IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,468-02






EX PARTE NEHEMIAH J. D. JACKSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W05-60136-K(B) IN THE CRIMINAL DISTRICT COURT #4 


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with
intent to deliver a controlled substance and sentenced to thirty years' imprisonment. The Fifth Court
of Appeals affirmed his conviction. Jackson v. State, No. 05-06-01127-CR (Tex. App. - Dallas,
June 26, 2008).

 Applicant contends that his trial counsel rendered ineffective assistance because counsel
failed to advise Applicant of the possibility of an affirmative deadly weapon finding if Applicant
elected to go to trial on the charges. Applicant alleges that had he been aware of the possibility of
an affirmative deadly weapon finding, and of the parole consequences of such a finding, he would
not have gone to trial on the charges, but would have accepted a pre-trial plea offer. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the State provided the defense with
notice of its intention to seek an affirmative deadly weapon finding, and if so, whether counsel
notified Applicant of the possibility of such a finding, and of the consequences of such a finding. 
The trial court shall make findings of fact as to whether the State made any pre-trial plea offers, and
if so, whether the offers included an affirmative deadly weapon finding or not. The trial court shall
make findings of fact and conclusions of law as to whether the performance of Applicant's trial
counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: January 9, 2013

Do not publish